**UNITED TEXAS TRANSMISSION CO.**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al.**

No. 1:90–CV–0511.

United States District Court,
E.D. Texas,
Beaumont Division.

July 11, 1991.

Dennis M. Dylewski, Calvin Dylewski Gibbs Maddox Russell & Verner, Houston, Tex., for plaintiff.

Susan V. Cook, Land & Natural Resource Div., Washington, D.C., Lavon L. Jones, U.S. Attorney's Office, Beaumont, Tex. Fred R. Disheroon, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, D.C., Jack Nolan Price, Law Office Of Jack N. Price, Austin, Tex., Guy N. Goodson, Benckenstein Oxford & Johnson, Thad Heartfield, Beaumont, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On May 19, 1986, the United States Army Corps of Engineers, Galveston District (the Corps) notified United Texas Transmission Company (UTTCO) that a proposed drainage and flood control project would require relocation and alteration of two of UTTCO's pipelines. A disagreement arose between the Corps and UTTCO over who would have to bear the cost of such relocation and alteration. On July 20, 1989, in the Southern District of Texas, UTTCO filed suit against the Corps and other defendants, seeking assorted declaratory, injunctive, and monetary relief. That case was transferred to this court, and all parties have now filed motions for summary judgment. This court now rules on those motions.

### THE FACTS

No dispute exists as to the underlying facts of this case. UTTCO is a Texas intrastate transmission company which owns and operates natural gas pipelines throughout Texas. Two of those pipelines cross Hillebrandt Bayou, in Jefferson County, Texas. Those pipelines are known as the Index 128–20″ pipeline (the 20″ pipeline) and the Index 300–16″ pipeline (the 16″ pipeline).

UTTCO's predecessors in title to the 20″ pipeline and the 16″ pipeline had obtained permits from the Corps to construct those pipelines across Hillebrandt Bayou. Hillebrandt Bayou is a navigable stream within the meaning of Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.,* and therefore within the jurisdiction of the Corps. The permit for the 20″ pipeline was issued November 19, 1951, and is permit number 1728. The permit for the 16″ pipeline was issued March 18, 1957, and is permit Number 3779.

UTTCO's predecessors in title additionally acquired various easements and rights-of-way from the owners of fastlands adjacent to the Hillebrandt Bayou. The pipelines were then constructed. UTTCO later succeeded to title to the pipelines. To this day, UTTCO continues to own and operate the 20″ pipeline and the 16″ pipeline.

Meanwhile, the United States Congress passed the Flood Control Act of 1965. PUB.L. 89–298, 79 Stat. 1073 (Oct. 27, 1965). This Act included a project known as the Taylors Bayou Flood Control Prod-

uct (the Project). This project was a joint project with Jefferson County Drainage District No. 6 (the District). A local cooperation agreement to the effect was signed by the Corps and the District in 1972. Construction of the project began in August 1982.

As previously stated, in May 1986, the Corps notified UTTCO the 20″ pipeline and the 16″ pipeline would have to be relocated and altered to allow completion of the project. For approximately two years, construction continued on other parts of the project while the Corps, the District, and UTTCO argued over who should pay the costs associated with the necessary relocation and alteration of the 20″ pipeline and the 16″ pipeline. Finally, in the summer of 1988, UTTCO advised the Corps it refused to relocate or alter the pipelines at issue unless it was guaranteed compensation for the costs of the relocation or alteration.

In response to UTTCO's refusal to remove or relocate the pipelines, the Corps suspended Permits # 1728 and # 3799, effective February 14, 1989. The Corps notified UTTCO it had the right to request a public hearing, and that following such a hearing, the permits could be reinstated, modified, or revoked. UTTCO requested a public hearing.

The hearing was held June 28, 1989. This lawsuit was filed July 20, 1989, in the Southern District of Texas, complaining of the suspension of the permits. On August 13, 1989, the Corps revoked the permits. UTTCO's complaint in this suit was then amended to include the revocation of the permits. On July 19, 1990, the lawsuit was transferred to the Eastern District of Texas and assigned to this court.

### THE LAW

First the court notes that summary judgment is only appropriate where no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56; *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this case, no dispute whatsoever exists as to the facts involved in the claims upon which summary judgment is granted. The only determination this court must make is whether any of the moving parties are entitled to summary judgment as a matter of law. The issues of law involved in all three motions for summary judgment are the same, so the court will analyze them just once, and then indicate its ruling on each motion.

The dispute which engendered this lawsuit presented a single question: what entity is responsible for paying to relocate or alter pipelines constructed in an area that is now the subject of a federal flood control project? The claims upon which summary judgment is sought still present only that question. The answer is clear: The pipeline's owner, who holds the permits, must pay for relocation or alteration of the pipelines, upon demand by the Corps pursuant to administration of a federal flood control project. This is clear for three reasons.

First, the permit for each pipeline states unequivocally:

(f) [t]hat if future operations by the United States require an alteration in the position of the structure or work herein authorized [the pipeline], or if, in the opinion of the Secretary of the Army, it shall cause unreasonable obstruction to the free navigation of said water, the owner will be required upon due notice from the Secretary of the Army, to remove or alter the structural work or obstructions caused thereby without expense to the United States.... No claim shall be made against the United States on account of any such removal or alteration.

This language should have given clear notice to UTTCO that its claim against the Corps is untenable. It is obvious that a federal flood control project is an "operation of the United States," and it is undisputed that the Corps gave UTTCO "due notice" of the need for relocation or alteration of the pipelines.

Second, the case law interpreting the language of permits identical to those at issue in this case is also clear. "There is nothing novel or unconstitutional in the requirement that the defendants [pipeline owners]

relocate pipelines they constructed in and across the bed of a navigable river." *United States v. 597.75 Acres of land, more or less, situate in St. Martin Parish, State of Louisiana,* 241 F.Supp. 796, 799 (W.D.La. 1965). A pipeline owner must comply with its permit terms. *Id.*

Third, this court opines that apparently the plaintiff pipeline owner here wishes to reap the benefits of conducting business over navigable waterways, without bearing any of the burdens. The court assumes the pipelines were constructed over the Hillebrandt Bayou because that was the most direct and profitable route for the transmission of natural gas. For over thirty years, pipeline owners have been profiting from the federal government's generous permission to cross a navigable waterway. Now flood control for a substantial portion of southeast Texas is at stake, and the plaintiff wants the taxpayers to subsidize its relocation of its pipelines so the plaintiff can continue to profitably transmit natural gas. Not only is such a position not good law, it is not good sense.

UTTCO has agreed that it is possible it does not have a claim against the federal government for the cost of relocating those parts of the pipelines located in the navigable waterway. It has adopted two alternative positions based on that possibility.

First, UTTCO argues that it still has a claim for the costs of relocating or altering those parts of the pipelines which cross the fastlands. This court, however, agrees with the opinion of the court ruling upon *597.75 Acres:*

> The permits under which the pipeline crossings were made recognize and require that the relocation be made at defendants' [pipeline owners] expense, and ... a reasonable interpretation thereof would also require that such incidental work on adjoining lands as is necessary to accomplish this purpose be effected at defendants' expense.

*597.75 Acres,* 241 F.Supp. at 799. UTTCO cannot prevail against the federal government on its claim for costs of relocation on the fastlands.

Second, UTTCO argues that the District, since it is not a federal entity, should pay the entire cost of the relocation or alteration. UTTCO relies on the 1972 cooperation agreement to support this argument. This court believes a reasonable interpretation of that agreement only requires that the District pay to acquire those rights-of-way or easements that are not acquired through the power of the Corps, the District's partner, and jointly responsible for execution of the Congressional mandate that the project be completed.

As this opinion makes clear, the Corps was within its jurisdiction to order the revocation of the permits. UTTCO cannot receive compensation from the District for any damages UTTCO may suffer as a result of the Corps' lawful action in proceeding with a federal flood control project. The District cannot be penalized for the fact that the Corps has jurisdiction over Hillebrandt Bayou.

Pursuant to this opinion, therefore, this court enters an order of this date,

DENYING plaintiff's motion for partial summary judgment;

GRANTING the motion of the Corps and individual federal defendants for summary judgment except as to Count 8 of the first amended complaint and the federal defendant's counterclaim;

GRANTING the motion of the District and individual local defendants for summary judgment except as to the local defendants' counterclaim;

ORDERING removal of the pipelines pursuant to the valid revocation of the permits;

ORDERING the severance of Count 8 of the first amended complaint and all defendant's counterclaims for separate trial.